[Civ. No. 26899. First Dist., Div. Three. Mar. 17, 1970.]

ALEXIS TELLIS et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE CENTRAL JUDICIAL
DISTRICT OF MARIN COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

Carl B. Shapiro for Plaintiffs and Appellants.

Douglas J. Maloney, County Counsel, and Thomas G. Hendricks, Deputy County Counsel, for Defendant and Respondent and for Real Party in Interest and Respondent.

## OPINION

**DRAPER, P. J.**—Appellants were charged in municipal court with violation of a Marin County ordinance requiring an occupancy permit for residential use of a moored vessel. Asserting the ordinance to be unconstitutional upon its face, plaintiffs applied to the superior court for writ of prohibition to bar further proceedings in the misdemeanor prosecution. Order to show cause issued, the matter was submitted upon written memoranda, and the petition was denied. Plaintiffs appeal.

The ordinance is an exercise of the police power, designed to insure public safety, in part by requiring sanitary methods of sewage disposal from moored vessels used as living quarters. Thus it is within county power (Cal. Const., art. XI, § 11).

Appellants argue, however, that the ordinance in some way requires them to waive Fourth Amendment rights in order to secure the occu-

pancy permit for which they have not applied. We do not so read the ordinance. One section (11.20230(F)) does authorize the health officer to inspect "when he has reasonable cause to believe that the vessel is occupied in violation" of the ordinance. There is no attempt to authorize entry by the health officer without a warrant. Such a provision would be unconstitutional (*Camara* v. *Municipal Court of San Francisco,* 387 U.S. 523 [18 L.Ed.2d 930, 87 S.Ct. 1727]). The ordinance is in fact subject to the overriding mandate of 1968 amendments to state law (Code Civ. Proc., §§ 1822.50-1822.57) which permit inspection by a health officer only upon issuance of a warrant which fully meets the requirements of *Camara.*

■ Appellants also argue that the federal Constitution reserves to the United States sole jurisdiction to regulate such vessels. But it is not contended that these moored houseboats are engaged in interstate or foreign commerce. The federal jurisdiction over admiralty and maritime matters does not proscribe reasonable local health regulations (*Huron Portland Cement Co.* v. *City of Detroit,* 362 U.S. 440 [4 L.Ed.2d 852, 80 S.Ct. 813, 78 A.L.R.2d 1294]). *Huron* concerned municipal regulation designed to limit air pollution. We cannot distinguish the present ordinance, which bars discharge of residential sewage along the coastline of Sausalito.

■ The claim of state preemption of the field by the Harbors and Navigation Code is completely answered by section 660 of that code, which specifically reserves to counties the authority here exercised.

■ The argument that the ordinance arbitrarily discriminates between living quarters on land and those which float is without merit. Classification of structures of different types and uses is authorized (see *City of Bakersfield* v. *Miller,* 64 Cal.2d 93, 103 [48 Cal.Rptr. 889, 410 P.2d 393]). But here the county merely sought to apply comparable sanitation requirements to all places of human habitation. Building and health codes generally provide for sanitary disposition of sewage, and it appears that this ordinance but extends to floating homes the same rules applicable to those on land foundations.

■ Finally, appellants contend that the ordinance is unconstitutional because it would apply to vessels built before its adoption. They do not, however, allege that construction or use of their houseboats antedated the ordinance. Even if they did, they would not be aided save in circumstances not shown to exist here. Application of a building code to existing buildings is not per se unconstitutional, but turns upon facts not here shown (*City of Bakersfield* v. *Miller, supra,* 64 Cal.2d 93, 101-103). Absent allegation or proof to show a balance of equities in their favor, appellants have not established unconstitutionality. The regulation must be upheld unless its invalidity clearly, positively and unmistakably appears (*People* v. *Supe-*

*rior Court,* 10 Cal.2d 288, 298 [73 P.2d 1221]). Appellants have wholly failed to meet this burden.

Order affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.