[Civ. No. 10668. Fourth Dist., Div. One. Dec. 16, 1970.]

EDWARD F. VIDAURRI et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Pieter D. Speyer for Petitioners.

No appearance for Respondent.

James Don Keller, District Attorney, Richard H. Bein and James D. Pippin, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**BROWN (Gerald), P. J.—**

### THE STORY OF THE WOOLY WHITE FLY
#### ·AND
### THE WARRANTLESS UNWARRANTED SEARCH

Edward and Eleanor Vidaurri, charged with cultivating marijuana (Health & Saf. Code, § 11530.1) are entitled to a writ of mandate requiring the superior court to suppress illegally obtained evidence.

On May 21, 1970, California Agriculture Department Inspector Tracy R. Baker went to the Vidaurris' home in La Mesa, to inspect citrus trees in search of the Wooly White Fly, a pest. Baker knocked on the door and rang the door bell. When no one answered he filled out an inspection notice, and went to the enclosed back yard by opening the unlocked gate. He did not have an inspection warrant. His look at the citrus trees failed to reveal the Wooly White Fly. But as he was concluding his inspection he saw a plant he thought was marijuana. He picked a leaf and put it in an insect envelope, writing the address on the envelope. He gave the envelope to the La Mesa Police Department.

As a result, the next day La Mesa Police Officer Charles R. Peightal and another officer went to the Vidaurris' home to look for marijuana plants. Officer Peightal knocked several times on the door. Again no one was home. The officers went to the house's left front corner and saw a freshly planted but wilted marijuana plant among the weeds at the side of the house. They then went around the right side of the house, opened the gate and went into the backyard where they searched for and found other growing marijuana plants in the garden, flower beds or cultivated areas. They dug or pulled them up and kept them as evidence.

The Vidaurris' home was surrounded by hedges, trees, bushes, shrubbery, foliage, plants and flowers in the front yard. The back yard was enclosed by block walls and wooden and wire fences, 4 to 6 feet high, with generally the same items of vegetation as in front. These features and the elevation of the house and lot made it impossible to see from the front street into the area along the left side of the house, let alone into the back yard.

On June 15, 1970, Officer Peightal arrested Mr. Vidaurri. The record does not show if the officer gave Vidaurri a *Miranda* warning. After the arrest, Vidaurri made several statements, including the incriminating statement he was only growing the marijuana for his own use.

Officer Peightal testified it was possible for a person standing at the driveway gate to see one or more marijuana plants in the back yard.

■ For authority to go upon the Vidaurris' premises, Inspector Baker relied upon Agricultural Code, section 5023, which provides "the commissioner, whenever necessary, may enter and make an inspection of any premises, plant . . . or thing in his jurisdiction."

. This statute, however, is "subject to the overriding mandate of 1968 amendments to state law (Code Civ. Proc., §§ 1822.50-1822.56) which permit inspection by a health [or building, fire, safety, etc.] officer, *only upon issuance of a warrant. . . .*" [Italics added.] *(Tellis* v. *Municipal Court,* 5 Cal.App.3d 455, 458 [85 Cal.Rptr. 459].) Without a warrant requirement, the statute authorizing inspection would be unconstitutional *(Camara* v. *Municipal Court,* 387 U.S. 523 [18 L.Ed.2d 930, 87 S.Ct. 1727]; *Tellis* v. *Municipal Court, supra,* 5 Cal.App.3d 455, 458.)

The warrant must be signed by a judge, particularly describing the premises to be searched and the purpose of the search; the supporting affidavit must contain either a statement consent has been sought and refused or facts justifying failure to seek consent; specific provisions regulate the duration of the warrant and the hours of the search; and forcible entry is prohibited except under certain conditions (Code Civ. Proc., §§ 1822.51, 1822.52, 1822.55, 1822.56.)

■ Baker ignored these provisions. He obtained no warrant. He did not have the Vidaurris' consent. His presence in the Vidaurris' back yard and his search were illegal.

The district attorney argues the illegal search should be overlooked because it was possible for a person standing by the gate at the end of the driveway on the right side of the house to see a plant or two in the back yard.

This argument fails because the evidence came to light as a result of Baker's illegality, is tainted and is inadmissible *(Wong Sun* v. *U.S.,* 371 U.S. 471 [9 L.Ed.2d 441, 83 S.Ct. 407]; *People* v. *Bilderbach,* 62 Cal.2d 757, 764 [44 Cal.Rptr. 313, 401 P.2d 921]). The police officer who concededly trespassed, was led to the driveway by Baker's illegal conduct. The illegality and taint extended to Mr. Vidaurri's incriminating statement.

Also, a person who surrounds his back yard with a fence, and limits entry with a gate, locked or unlocked, has shown a reasonable expectation of privacy for that area *(People* v. *Edwards,* 71 Cal.2d 1096, 1104 [80 Cal.Rptr. 633, 458 P.2d 713]). The area is protected from unreasonable government intrusion, or a warrantless search, unless the circumstances excuse the warrant *(Camara* v. *Municipal Court, supra,* 387 U.S. 523,

528-529 [18 L.Ed.2d 930, 935-936, 87 S.Ct. 1727, 1731]). No such circumstances are shown here.

We hold under the circumstances here *(Cohen* v. *Superior Court,* 5 Cal. App.3d 429, 434 [85 Cal.Rptr. 354]) the Vidaurris did not give up their reasonable expectation of back yard privacy simply because a trespassing police officer might stand at the end of the driveway and look over the gate into their yard, at what he had already been told was there.

Let a peremptory writ of mandate issue as prayed.

Coughlin, J., and Whelan, J., concurred.