[Crim. No. 15378. Fourth Dist., Div. One. Dec. 9, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
WAYNE WALTER WINTERS, Defendant and Appellant.

COUNSEL

Ferman W. Sims and Beth Anderson for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Keith I. Motley and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Wayne Walter Winters pleaded guilty to cultivating marijuana (Health & Saf. Code, § 11358) after the superior court denied his motion to suppress evidence under Penal Code section 1538.5. We reverse because there is no substantial evidence to support the superior court's findings the officers' warrantless entry into the rear of Winters' posted property was justified.

Winters lives in Vista, a community in north San Diego County. His small home on Rosario Lane is surrounded with large trees and many shrubs. Large cactus and succulent plants line the walkway up to his front steps. Pampas grass and large evergreens grow along his driveway. His entire home is encircled by a six-foot-high fence. In the fence are three gates,

which he keeps closed. The gate spanning his driveway is posted with a conspicuous sign: "Private Property/no trespassing/no soliciting." His next door neighbor's home is similarly fenced, and the overall atmosphere of the area in which Winters lives suggests rural residents longing to be left alone.

The front entryway to Winters' house consists of several steps leading to the front door. At the bottom of the steps is Winters' mailbox. At the top of them is the sliding glass front door, through which one can easily see into the house. Up to this door went two policemen in October of 1981, wanting to talk to Winters' son about a malicious mischief matter. They looked through the glass and saw no one in the house. Had they knocked they could have confirmed no one was home, left, and returned or telephoned another time. Instead, they breached the privacy of the rear of the house, went through the closed posted gate, and eventually found some growing marijuana plants. They left for a search warrant. Although the warrant was for marijuana, paraphernalia, and proof of occupancy (all of which were found), the police also seized a samurai sword and a box of silverware which were Winters' own. The marijuana was used in evidence against Winters, over his contention the officers conducted an illegal search when they looked through a gate at the rear of his house and saw the marijuana.

■ Winters rightly claims the officers, by going into his backyard through the closed driveway gate, invaded his constitutionally protected Fourth Amendment right to privacy. ■ A person who surrounds his backyard with a fence and limits entry with a gate, locked or unlocked, has shown a reasonable expectation of privacy (*Phelan* v. *Superior Court* (1979) 90 Cal.App.3d 1005, 1011 [153 Cal.Rptr. 738]; *Vidaurri* v. *Superior Court* (1970) 13 Cal.App.3d 550, 553 [91 Cal.Rptr. 704]). "To contemplate a contrary conclusion would itself lend credence to a specter of citadel-like fortifications in order to safeguard an otherwise objectively reasonable expectation of privacy of the contemporary rural dweller, a refuge neither required by nor compatible with established constitutional principles." (*Burkholder* v. *Superior Court* (1979) 96 Cal.App.3d 421, 429 [158 Cal.Rptr. 86].) See also *Lorenzana* v. *Superior Court* (1973) 9 Cal.3d 626 [108 Cal.Rptr. 585, 511 P.2d 33], apertures in window insufficient to negate reasonable expectation of privacy: "Surely our state and federal Constitutions and the cases interpreting them foreclose a regression into an Orwellian society in which a citizen, in order to preserve a modicum of privacy, would be compelled to encase himself in a light-tight, air-proof box. The shadow of 1984 has fortunately not yet fallen upon us." (*Id.* at pp. 636-637.)

Once this expectation of privacy has been established, the government cannot intrude without a warrant or circumstances excusing a warrant (*Ca-

*mara* v. *Municipal Court* (1967) 387 U.S. 523, 530 [18 L.Ed.2d 930, 936, 87 S.Ct. 1727]). ██ The superior court erroneously ruled the police sighting of Winters' marijuana was not a search, claiming the officers were legally in Winters' backyard to investigate his son and, while there, saw the marijuana in open view. Although the officers were on legitimate police business when they first approached Winters' house, no evidence suggests they were entitled to invade his backyard. The officers could have determined *at the front door* no one was at home. Once this determination was made, their official business at Winters' home ended. By trespassing into the back yard, they surpassed what was reasonable under the circumstances, for no exigency existed to justify a suspension of Winters' Fourth Amendment rights. The police were conducting a routine investigation—merely looking for a suspect to interview. No evidence shows Winters' son was dangerous or even that he was attempting to evade the law. (Cf. *Vickery* v. *Superior Court* (1970) 10 Cal.App.3d 110, 119 [88 Cal.Rptr. 834] [belief armed suspect might escape through back door justified posting officers there despite technical trespass].)

Because the officers invaded Winters' reasonable expectation of privacy, their warrantless search of his backyard was unwarranted and unconstitutional (*People* v. *Ammons* (1980) 103 Cal.App.3d 20, 28 [162 Cal.Rptr. 772]). The warrant was tainted, as was the evidence seized under it. The evidence should have been suppressed (*Wong Sun* v. *United States* (1963) 371 U.S. 471, 484 [9 L.Ed.2d 441, 452-453, 83 S.Ct. 407]; *Vidaurri* v. *Superior Court, supra,* 13 Cal.App.3d 550, 553).

The judgment is reversed.

Work, J., and Butler, J., concurred.

A petition for a rehearing was denied December 21, 1983.